UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UBALDO U. MALDANADO, | Case No. 3:18-cv-00156-MMD-CBC |
|---|---|
| Plaintiff, | SCREENING ORDER ON FIRST AMENDED COMPLAINT |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendants. | |

Plaintiff, who is in the custody of the Nevada Department of Corrections ("NDOC"), has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 7.) The matter of the filing fee will be temporarily deferred. The Court now screens Plaintiff's amended civil rights complaint under 28 U.S.C. § 1915A.[1]

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must

///

---

[1] An amended complaint replaces an earlier complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Therefore, the first amended complaint (ECF No. 7) is the operative complaint.

be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF FIRST AMENDED COMPLAINT

In the first amended complaint ("FAC"), Plaintiff sues multiple defendants for events that took place while he was incarcerated at Lovelock Correctional Center ("LCC"). (ECF No. 7 at 1.) Plaintiff sues Romeo Aranas, R. Donnelly, Kim Adamson, J. Perry, Steve Sisolak, Barbara Cegavske, Aaron Ford, James Dzurenda, and Renee Baker. (*Id.* at 2-4.) He also sues Does 1-10 doctors on the Utilization Review Committee. (*Id.* at 4.) Plaintiff alleges two counts and seeks monetary damages and injunctive relief. (*Id.* at 10, 17.)

The FAC alleges the following. In July 2012, the NDOC incorrectly repaired Plaintiff's hernia. (*Id.* at 6.) The hernia subsequently re-emerged, causing pain and limited mobility. (*Id.*) On July 29, 2017, after numerous requests that his hernia be treated for

pain, Plaintiff filed an informal grievance complaining about the lack of medical care for his re-emerged hernia and pain. (*Id.* at 6, 19-20.) Nurse Donnelly responded to the grievance, noting the last time that Plaintiff had been seen by a doctor for his hernia and that the UR panel determined that Plaintiff should be monitored, and telling Plaintiff that, if he was having increased pain and his hernia was becoming more uncomfortable, he should kite for an appointment to be re-evaluated. (*Id.* at 8, 21.)

On September 27, 2017, Plaintiff filed his first level grievance complaining that monitoring a known serious medical need exhibited a refusal to treat due to costs or understaffing and that the NDOC or Romeo Aranas and Dr. Adamson held a false belief that the hernia would cure itself, exhibiting deliberate indifference to serious medical needs. (*Id.* at 8.) J. Perry denied the grievance on December 4, 2017. (*Id.* at 8, 25.) In the grievance response, Perry noted that the Utilization Review Committee recommended that the hernia continue to be monitored, that Plaintiff was seen again on July 2, 2016 and a "small ½ cm umbilical hernia" was noted, and that Plaintiff was seen by a doctor again on December 1, 2017. (*Id.* at 7, 8, 25.)

Plaintiff filed a second-level grievance on December 4, 2017, pointing out that he was still in pain and that monitoring the hernia was doing nothing to fix it. (*Id.* at 8.) Defendant Aranas responded to that grievance. (*Id.* at 8, 28.) In the response, Aranas stated that Plaintiff's complaints were unfounded because Plaintiff had a surgical repair; Aranas saw no kites in Plaintiff's chart requesting an appointment for hernia issues; Plaintiff had been seen recently by a doctor and no mention had been made of hernia pain; and the last time Plaintiff was seen by a doctor for his hernia the doctor had determined that Plaintiff was in no need of a second repair at the time but had nevertheless submitted a surgical consult that was deferred. (*Id.* at 28.) In the response, Aranas also advised Plaintiff that, if he was experiencing increasing pain or the hernia became worse, he should submit a request for further evaluation and care. (*Id.*)

Plaintiff also alleges that state law imposes certain job responsibilities on Defendants Sisolak, Ford, Cegavske, Dzurenda, and Baker as well as on the Board of

Parole Commissioners and this make them responsible for the care of inmates. (*Id.* at 10-12.) He therefore alleges that these Defendants knew or should have known that there were not enough doctors at the prison. (*Id.* at 13.) He also concludes that, because they are responsible for his care, they are responsible for the refusal to repair his hernia. (*Id.*)

Plaintiff alleges that this conduct violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and under state statutes. (*Id.* at 6, 10.)

### A. Eighth Amendment Claims

In its previous screening order,[2] the Court explained to Plaintiff the following law related to Eighth Amendment claims for deliberate indifference to serious medical needs. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see*

///

---

[2](ECF No. 5 at 4-5.)

*also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). Thus, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further harm. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

In addition, the Court notes that a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Rather, the plaintiff must prove that the doctor did not merely have a different medical opinion, but was deliberately indifferent. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. Similarly, a prison medical official who fails to provide needed treatment because he or she lacks the necessary resources or believes that other prisoners should have priority based on the seriousness of their medical needs cannot be
///

said to be punishing the prisoner and is not deliberately indifferent to serious medical needs. *Peralta*, 744 F.3d at 1083-84.

Moreover, a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." *Id.* at 1207. Therefore, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Id.* There must be a sufficient causal connection between his or her wrongful conduct and the Constitutional violation. *Id.*

Here, the Court finds that Plaintiff fails to state a colorable Eighth Amendment claim. To the extent Plaintiff is relying on the allegedly failed hernia surgery to state a colorable claim, he fails to state a claim. Unsuccessful treatment is not sufficient to show deliberate indifference. Moreover, Plaintiff does not allege that any of the Defendants performed the surgery.

///

With respect to Plaintiff's desire for another hernia surgery, he has not alleged facts sufficient to show that any of the Defendants believed that such surgery was necessary or appropriate. Plaintiff merely alleges a difference of opinion with doctors. Regardless of whether Plaintiff's medical opinion is correct, neither a difference of medical opinion nor negligence are violations of the Eighth Amendment.

With respect to the scheduling of his medical appointments, Plaintiff fails to state a colorable claim. Like most patients, Plaintiff understandably wishes to be seen by doctors as soon as he requests an appointment. However, he does not allege facts sufficient to show that any of the Defendants were deliberately indifferent. He alleges that the prison did not have enough doctors. He does not allege that any of the Defendants scheduling appointments had the resources to schedule him sooner or believed that his medical issues were so serious that he should have priority over other prisoners' medical issues when they were scheduling doctor appointments. Furthermore, some of the Defendants did not learn of the delays until after Plaintiff had his medical appointments and were not allegedly the cause of the delay. In addition, as the Court previously informed Plaintiff, merely having certain job responsibilities does not make a person liable under the Eighth Amendment; the person must be deliberately indifferent and cause the plaintiff harm. *Cook v. Housewright*, 611 F. Supp. 828, 8290-30 (D. Nev. 1985).

In addition, Plaintiff has not alleged facts sufficient to show medical harm from the alleged delays in scheduling medical appointments. The doctors concluded that surgery was not required, and there are no allegations sufficient to show that Plaintiff would have had a second surgery had he been scheduled for an appointment sooner. Emotional worry and distress suffered from delays in medical care are not sufficient to state a colorable Eighth Amendment claim; there must be physical harm resulting from deliberate indifference to serious medical needs. *Wood v. Idaho Dep't of Corr.*, 391 F. Supp. 2d 852, 866-67 (D. Idaho 2005).

///

///

8

Accordingly, Plaintiff fails to state a colorable Eighth Amendment claim and the Court therefore dismisses the Eighth Amendment claims with prejudice, as amendment would be futile.

### B. First Amendment and Fourteenth Amendment Claims

The Court can discern no basis for a First Amendment claim or a Fourteenth Amendment claim. It appears that Plaintiff believes that the denials of his grievances were violations of his First and Fourteenth Amendment rights. As the Court previously[3] explained, merely alleging that Plaintiff filed grievances and alleging that he was denied surgery is not sufficient to state a claim. Plaintiff has no constitutional right to a grievance system and the mere denial of a grievance is not a violation of the Fourteenth Amendment right to due process or the First Amendment. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (holding there is no legitimate claim of entitlement to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (recognizing that prisoners are not entitled to a specific grievance process); *Patterson v. Kane*, No. 06-15781, 2006 WL 3698654, at *1 (9th Cir. Dec. 13, 2006) (recognizing that denial of a grievance does not rise to the level of a constitutional violation). Accordingly, the Court dismisses the First Amendment and Fourteenth Amendment claims with prejudice, as amendment would be futile.

### C. State Law Claims

The FAC alleges violations of NRS § 209.101, NRS § 209.111, NRS § 209.121, NRS § 209.131, NRS § 209.132, NRS § 209.161, and NRS § 209.381. (ECF No. 7 at 10.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated. *West*, 487 U.S. at 48. Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles,* 477 F.3d 652, 662 (9th Cir. 2007).

Although this Court does not have original jurisdiction over state law claims, it may exercise supplemental jurisdiction over plaintiff's state-law claims provided that they "are

///

---

[3](ECF No. 5 at 7.)

so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court need not address the viability of Plaintiff's state law claims because it cannot exercise supplemental jurisdiction over any state law claim unless Plaintiff states a sufficiently related cognizable federal claim. *Cf.* 28 U.S.C. § 1367(a); *Herman Family Revocable Tr. v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir. 2001). Because the FAC does not state a colorable federal claim, the Court will dismiss the state law claims without prejudice and without leave to amend.

## III. CONCLUSION

For the foregoing reasons, it is ordered that the operative complaint is the First Amended Complaint (ECF No. 7).

It is further ordered that the Eighth Amendment, First Amendment, and Fourteenth Amendment claims are dismissed with prejudice, as amendment would be futile.

It is further ordered that the state law claims are dismissed without prejudice and without leave to amend as the Court does not have jurisdiction over those claims.

It is further ordered that the application to proceed *in forma pauperis* is denied as moot.

It is further ordered that the Clerk of the Court enter judgment accordingly and close this case.

DATED THIS 17th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE